

Shane C. Mecham
Plaza Office
Direct Dial: (816) 460-1810
Direct Fax: (816) 382-6606
smecham@levycraig.com

March 7, 2022

**SENT VIA UPS NEXT DAY**

| | |
|---|---|
| Hy-Vee, Inc. | Hy-Vee, Inc. |
| Dennis Ausenhus, VP Real Estate/Engineering | James D. Meyer, VP and Corporate Counsel |
| 5820 Westown Parkway | 5820 Westown Parkway |
| West Des Moines, IA 50266 | West Des Moines, IA 50266 |

**FAILURE TO CURE AND NOTICE OF TERMINATION OF TENANT'S RIGHTS TO POSSESSION WITHOUT TERMINATION OF LEASE**

Re: BIG Shopping Centers USA, Inc. – Creekwood Commons
Our File No. 10656.003

Dear Hy-Vee, Inc.:

We write to you on behalf of our client, BIG Shopping Centers USA, Inc. ("BIG") regarding the lease dated November 21, 2002 ("Lease"), between BIG Creekwood Commons, LLC, a Delaware limited partnership ("Landlord") and Hy-Vee, Inc., an Iowa corporation ("Tenant"), with respect to certain retail premises ("Premises") located in the Creekwood Commons Shopping Center, in Kansas City, Missouri. This letter serves as Notice to Tenant of the Termination of Tenant's Right to Possession of the Demised Premises Without Termination of the Lease.

BIG previously sent you a Notice of Default letter, dated February 3, 2022, that contained a history of Lease violations on the part of Tenant dating back to early 2021. The letter provided Tenant with notice of its defaults and the requirement that Tenant cure, or commence curing, all of those defaults within thirty days. The thirty-day window for curing has now expired. During the past thirty days since the formal default was sent (and over a year since Landlord initially informally notified Tenant of the defaults), Tenant has taken virtually no substantive action to cure, or commence curing, the majority of the defaults listed in the notice letter. As a result, Tenant is now in default under the Lease and Landlord is hereby exercising its contractual and legal remedies.

A PROFESSIONAL CORPORATION

| **PLAZA OFFICE** | **NORTH OFFICE** | **KANSAS OFFICE** |
|---|---|---|
| 4520 MAIN STREET, STE. 1600 | 4151 N. MULBERRY DRIVE, STE. 205 | 8101 COLLEGE BLVD, STE. 100 |
| KANSAS CITY, MO 64111 | KANSAS CITY, MO 64116 | OVERLAND PARK, KS 66210 |
| 816-474-8181 | 816-454-7474 | 913-831-6900 |
| 816-471-2186 FAX | 816-454-3525 FAX | 913-831-7156 FAX |

Case 4:22-cv-00192-BP   Document 1-3   Filed 03/22/22   Page 1 of 7

4886-9144-5522, v. 4

Unless otherwise defined in this letter, capitalized words used herein shall have the same meanings ascribed to such words in the Lease. This letter serves to notify Tenant that it remains in default after its period to cure has expired, and that Landlord hereby terminates Tenant's right to possession as of March 7, 2022. All other provisions of the Lease shall remain in effect despite the transfer of possession.

As of March 7, 2022, curing has not been completed nor commenced in the following matters:

- Tenant has failed to "maintain Tenant's Prime Parking Area . . . (including all landscaping and other improvements located therein) in good order and repair in accordance with reasonable standards of shopping center cleanliness and maintenance and [has failed to] make all necessary replacements thereto and in all events in equal or superior condition and repair to the remainder of the Common Areas."
    - Tenant's inaction is in violation of Article 10(B) of the Lease.
    - Photographs capturing Tenant's Prime Parking Area's deteriorated state along with the lack of proper landscaping were captured in pictures previously shared with Tenant.
    - The email received by Landlord on March 4, 2021, from Rob Wadle demonstrates further that no action has yet commenced on this matter. Tenant only met with contractors to potentially perform the parking lot and landscaping work on March 4, 2021 (the last business day of the cure period) and Tenant does not yet even have a bid or schedule for any of the work to be done.
    - Further, in an on-site meeting on February 24, 2021, between Tenant and Landlord representatives, it was evident that the most work that Tenant is even considering to perform on the parking lot is superficial and not sufficient to bring Tenant's Prime Parking Area "in equal or superior condition and repair to the remainder of the Common Areas."
    - Landlord informed Tenant of this problem more than a year ago, and Tenant still has not taken material steps to remedy the situation.

- Tenant has failed to "keep the Demised Premises in good order and condition and [has failed to] make all necessary or appropriate repairs, interior and exterior, structural and non-structural, ordinary and extraordinary, and foreseen and unforeseen to the building. . ."
    - Tenant's inaction is in violation of Article 10(B) of the Lease.
    - Photographs reflecting the need to repair the storefront, the drive and curb (rust stains caused by Tenant's dumpster), and a dock door were previously shared with Tenant.

A PROFESSIONAL CORPORATION

| PLAZA OFFICE | NORTH OFFICE | KANSAS OFFICE |
|---|---|---|
| 4520 MAIN STREET, STE. 1600 | 4151 N. MULBERRY DRIVE, STE. 205 | 8101 COLLEGE BLVD, STE. 100 |
| KANSAS CITY, MO 64111 | KANSAS CITY, MO 64116 | OVERLAND PARK, KS 66210 |
| 816-474-8181 | 816-454-7474 | 913-831-6900 |
| 816-471-2186 FAX | 816-454-3525 FAX | 913-831-7156 FAX |

Case 4:22-cv-00192-BP   Document 1-3   Filed 03/22/22   Page 2 of 7

4886-9144-5522, v. 4

- o The email received by Landlord on March 4, 2021, from Rob Wadle provides that Tenant failed to perform the storefront work during the 30-day cure period. Tenant blames weather but Landlord disagrees with this assertion. At a minimum, Tenant could have power-washed the façade and made a full assessment of all necessary repairs during this period. The removal of the rust stains on the concrete behind the Demised Premises and the dock door repairs could have both been performed during the 30-day cure period, yet Tenant did not even meet onsite with vendors to potentially schedule such repairs until March 4, 2021.

- Tenant has failed to keep "[t]he outside areas immediately adjoining the Premises . . . clean and free from dirt and rubbish by Tenant." Further, Tenant has "place[d], suffer[ed] or permit[ed] any obstruction or merchandise in such area."
    - o Tenant's inaction is in violation of Exhibit I of the Lease.
    - o The continued presence of the trailer in the parking lot violates this provision.

- Tenant has failed in its obligation to "store in the Demised Premises only such merchandise as Tenant intends to offer for sale at retail therein within a reasonable time after receipt thereof . . . "
    - o This failure is in violation of Article 62 of the Lease.
    - o Two trailers remain on the Premises—one near the rear dock of the Premises and one on the Tenant's Prime Parking area. The Landlord allowed the trailer near the rear dock while Tenant was operating a grocery store in the Premises. Now that the Tenant has elected to cease operations on the Premises, that trailer need to be removed. Tenant never sought, and Landlord never granted, permission for the second trailer to be stored in the parking lot.

- "Tenant shall not commit or suffer to be committed (i) any waste in or upon the Demised Premises or Tenant's Prime Parking Area; (ii) any nuisance or any other act or thing (whether a nuisance or otherwise) which may disturb the quiet enjoyment or any other tenant or occupant of the Shopping Center or its customers or other invitees . . ."
    - o All the aforementioned conditions are in violation of this provision contained within Article 60(A) of the Lease.

A PROFESSIONAL CORPORATION

| PLAZA OFFICE | NORTH OFFICE | KANSAS OFFICE |
|---|---|---|
| 4520 MAIN STREET, STE. 1600 | 4151 N. MULBERRY DRIVE, STE. 205 | 8101 COLLEGE BLVD, STE. 100 |
| KANSAS CITY, MO 64111 | KANSAS CITY, MO 64116 | OVERLAND PARK, KS 66210 |
| 816-474-8181 | 816-454-7474 | 913-831-6900 |
| 816-471-2186 FAX | 816-454-3525 FAX | 913-831-7156 FAX |

Case 4:22-cv-00192-BP   Document 1-3   Filed 03/22/22   Page 3 of 7

4886-9144-5522, v. 4

As a result of these uncured violations,[1] Landlord now provides notice to Tenant of the immediate Termination of Tenant's Right to Possession of the Demised Premises without Termination of the Lease as authorized under Article 22(3). Despite the loss of possession, Tenant remains obligated to issue its monthly payments per the terms of the Lease. Although the Lease grants Landlord immediate possession and requires that Tenant immediately vacate and remove all effects, as a courtesy, Landlord will allow Tenant two weeks from the date of this notice to collect and remove any property belonging to Tenant that is presently stored on the Premises. Tenant must coordinate with Landlord to gain access to the Premises. Specifically, Landlord requests that the trailer located on the Tenant's Prime Parking Area, and the trailer located at the loading area of the Premises be removed immediately. If any of Tenant's effects remain on the Premises as of March 22, 2022, Article 22(4) authorizes Landlord to remove all remaining effects, and store the same without liability for loss thereof. Tenant shall be responsible for any and all expenses incurred through Landlord's removal and storage of these remaining effects.

Looking forward, Landlord will attempt to re-lease the Premises in hopes of mitigating damages caused by Tenant's breach of the Lease. To that end, Article 22(5) provides that Landlord may make such alterations and repairs as Landlord determines reasonably necessary. Based on prior inspection of the Premises, Landlord anticipates that such repairs will include, but will not be limited to, restoring the Prime Parking Area to a state of "good order and repair in accordance with reasonable standards of shopping center cleanliness and maintenance . . . and in all events in equal or superior condition and repair to the remainder of the Common Areas" and making repairs necessitated by Tenant's removal of its storefront signage on or about January 2, 2022. Per the terms of the Lease, Tenant will be invoiced—and obligated to pay—for the costs of returning the Premises to a leasable state. Refer to Article 22(6), which states that Landlord, at its option, may collect from Tenant any other losses or damages that may be sustained by reason of Tenant's breaches herein.

We look forward to your prompt cooperation in these matters, which will reduce costs for both parties. Be advised that, as stated above, Article 22(5) provides for Tenant to be responsible for attorneys' fees stemming from the re-letting of the Premises. Further, Article 54 provides for the award of attorneys' fees in the event of any enforcement action made necessary by reason of this Landlord-Tenant relationship.

If you have any questions with respect to the foregoing, please contact me using the details provided in our letterhead.

---

[1] The only defaults that Tenant did remedy during the cure period was to pick up trash behind the Premises and remove the cart corralss. That conduct demonstrates that Tenant received the notice and understood its obligation to cure but failed to address any of the other defaults.

A PROFESSIONAL CORPORATION

| PLAZA OFFICE | NORTH OFFICE | KANSAS OFFICE |
|---|---|---|
| 4520 MAIN STREET, STE. 1600 | 4151 N. MULBERRY DRIVE, STE. 205 | 8101 COLLEGE BLVD, STE. 100 |
| KANSAS CITY, MO 64111 | KANSAS CITY, MO 64116 | OVERLAND PARK, KS 66210 |
| 816-474-8181 | 816-454-7474 | 913-831-6900 |
| 816-471-2186 FAX | 816-454-3525 FAX | 913-831-7156 FAX |

Case 4:22-cv-00192-BP   Document 1-3   Filed 03/22/22   Page 4 of 7

4886-9144-5522, v. 4

# LEVY CRAIG LAW FIRM
A PROFESSIONAL CORPORATION

March 7, 2022
Page 5

        Sincerely,

        **LEVY CRAIG LAW FIRM**
        A Professional Corporation

        Shane C. Mecham

SCM/

A PROFESSIONAL CORPORATION

| PLAZA OFFICE | NORTH OFFICE | KANSAS OFFICE |
|---|---|---|
| 4520 MAIN STREET, STE. 1600 | 4151 N. MULBERRY DRIVE, STE. 205 | 8101 COLLEGE BLVD, STE. 100 |
| KANSAS CITY, MO 64111 | KANSAS CITY, MO 64116 | OVERLAND PARK, KS 66210 |
| 816-474-8181 | 816-454-7474 | 913-831-6900 |
| 816-471-2186 FAX | 816-454-3525 FAX | 913-831-7156 FAX |

Case 4:22-cv-00192-BP   Document 1-3   Filed 03/22/22   Page 5 of 7

4886-9144-5522, v. 4

# View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.**  Select the Print button on the print dialogue box that appears. Note: If your browser does not support this function, select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.**  Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a scheduled Pickup**
   - Your driver will pickup your shipment(s) as usual.

   **Customers without a scheduled Pickup**
   - Take your package to any location of The UPS Store®, UPS Access Point™(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. To find the location nearest you, please visit the 'Locations' Quick link at ups.com.
   - Schedule a Pickup on ups.com to have a UPS driver pickup all of your packages.

FOLD HERE



Case 4:22-cv-00192-BP    Document 1-3    Filed 03/22/22    Page 6 of 7

# View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialogue box that appears. Note: If your browser does not support this function, select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a scheduled Pickup**
   - Your driver will pickup your shipment(s) as usual.

   **Customers without a scheduled Pickup**
   - Take your package to any location of The UPS Store®, UPS Access Point™(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. To find the location nearest you, please visit the 'Locations' Quick link at ups.com.
   - Schedule a Pickup on ups.com to have a UPS driver pickup all of your packages.

FOLD HERE



Case 4:22-cv-00192-BP    Document 1-3    Filed 03/22/22    Page 7 of 7