# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BIG CREEKWOOD COMMONS, LLC, <br><br> Plaintiff, <br> v. <br><br> HY-VEE, INC., *et al.*, <br><br> Defendants. | Case No. 22-00192-CV-W-BP |

## ORDER DIRECTING PLAINTIFF TO AMEND THE COMPLAINT

On March 22, 2022, Plaintiff Big Creekwood Commons, LLC brought this case against Defendants Hy-Vee, Inc. ("Hy-Vee"), A+ Communications and Security, LLC ("A+"), and Berry's Lock Service, LLC ("Berry's Lock Service"). (Doc. 1.) The Complaint alleges that the Court has jurisdiction under 28 U.S.C. § 1332. (*Id.* at ¶ 6.) In order to exercise jurisdiction under § 1332(a), there must be complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy must exceed $75,000.

The Court is under an independent obligation to confirm that jurisdiction is proper. *E.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). The proponent of federal jurisdiction (here, Plaintiff) must demonstrate that it exists. *E.g*, *Moore v. Kansas City Public Schools*, 828 F.3d 687, 692 (8th Cir. 2016).

While Plaintiff has adequately alleged the amount in controversy, Plaintiff has not alleged the parties' citizenship in a way that shows that complete diversity exists:

- With respect to Plaintiff, the Complaint alleges that it is a limited partnership organized under the laws of Delaware. Initially, this claim is at odds with Plaintiff's name, "Big Creekwood Commons, LLC," which clearly identifies Plaintiff as a limited liability

company rather than a limited partnership. (Doc. 1, ¶ 1.) Regardless, however, both limited partnerships and LLCs are citizens of every state in which their partners or members are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The Complaint fails to identify the citizenship of Plaintiff's members or partners, and therefore fails to allege its citizenship properly.

- With respect to Defendant Hy-Vee, the Complaint indicates merely that it is incorporated in Iowa, but a corporation is a citizen not only of the state where it is incorporated, but also the state where it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). The Complaint fails to allege where Hy-Vee maintains its principal place of business, and therefore fails to allege its citizenship properly.

- With respect to A+, the Complaint alleges that it is an "Iowa corporation," which appears inconsistent with with its name, "A+ Communications and Security, LLC." (Doc. 1, ¶ 3.) Regardless, the Complaint does not allege its citizenship properly: if A+ is indeed a corporation, then the Complaint must allege its principal place of business, 18 U.S.C. § 1332(c)(1), and if it is an LLC, then the Complaint must allege the citizenship of its members. *OnePoint Solutions, LLC*, 486 F.3d at 346.

- Finally, with respect to Berry's Lock Service, the Complaint identifies it as an LLC but once again fails to allege the citizenship of its members as required. *Id*.

Given these defects, the Complaint does not properly allege diversity of citizenship. Therefore,

within fourteen days, Plaintiff is ordered to file an Amended Complaint or otherwise show cause why this case should not be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: <u>March 23, 2022</u>

<u>/s/ Beth Phillips</u>
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT